CLERK'S CERTIFICATION COPY- WITH JUDGE'S VERIFICATION

**STATE OF ILLINOIS** )
**COUNTY OF ST. CLAIR** )

I, **Kahalah A. Clay**, Clerk of the Circuit Court in and for said County, in the State Aforesaid, do hereby certify the foregoing to be a true, perfect and complete copy of: The full file:

13L573

Garnett vs Guarantee Electrical Co.

Dated 12-18 , 20 13

Seal of Court

Kahalah a Clay
Clerk of the Circuit Court

By: _____
Deputy

---

**STATE OF ILLINOIS** )
**COUNTY OF ST. CLAIR** )

I, Hon. Babka , Judge of the Circuit Court of said County, do hereby certify that **Kahalah A. Clay** whose name is subscribed to the foregoing Certificate of Attestation, now is, and was at the time of signing and sealing the same, Clerk of the Circuit Court of St. Clair County aforesaid, and keeper of the records and Seal thereof, dully elected and qualified to office: that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere; and that his said attestation is in due form of law, and by the proper officer.

Seal of Court

_____
Judge

---

**STATE OF ILLINOIS** )
**COUNTY OF ST. CLAIR** )

I, **Kahalah A. Clay**, Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify that **Hon.** Babka , whose genuine signature appears to the foregoing certificate, was at the time of signing the same, judge of the Circuit Court of said County duly commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Records and elsewhere.

Dated 12-18 , 20 13

Seal of Court

Kahalah a Clay
Clerk of the Circuit Court

By: _____
Deputy

**EXHIBIT**
1

IN THE CIRCUIT COURT FOR THE ~~THIRD~~ 20TH JUDICIAL CIRCUIT
ST. CLAIR ~~BOND~~ COUNTY, ILLINOIS

DANIEL GARNETT,                            )
    Plaintiff,                         )
                        )
    v.                                     )      No. 13-L-573
                        )
GUARANTEE ELECTRICAL COMPANY, )
GUARANTEE ELECTRICAL            )
    CONSTRUCTION COMPANY,       )
BUNGE-SCF GRAIN, LLC,               )
ALBERICI CONSTRUCTORS, INC.,    )
AMBASSADOR STEEL ~~CORPORATION~~,)
             FABRICATION, LLC )
and                                      )
VEE-JAY CEMENT CONTRACTING       )
    COMPANY, INC.,                    )
    Defendant(s).                      )

```
          FILED
     ST. CLAIR COUNTY

      NOV 0 8 2013

     _____
        CIRCUIT CLERK
```

## SUPREME COURT RULE 222 AFFIDAVIT OF DAMAGES

       I, DANIEL GARNETT, intend to claim a sum IN EXCESS OF Fifty-Thousand Dollars

($50,000.00), plus costs, in this cause of action.

       Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I

certify by signing below that the statements set forth in this instrument are true and correct, except as to

matters herein stated to be on information and belief and as to such matters the undersigned certifies as

aforesaid that he verily believes the same to be true.


Dated:  November _4_, 2013          _Daniel J. Garnett_
                                 DANIEL GARNETT

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DANIEL GARNETT,                        )
      Plaintiff,                       )
                       )
                       )      No. 13-L-573
    v.                                 )
                       )
GUARANTEE ELECTRICAL COMPANY,)
GUARANTEE ELECTRICAL              )
    CONSTRUCTION COMPANY,        )
BUNGE-SCF GRAIN, LLC,               )
ALBERICI CONSTRUCTORS, INC.,   )
AMBASSADOR STEEL FABRICATION, )
    LLC, and                           )
VEE-JAY CEMENT CONTRACTING     )
    COMPANY, INC.,                   )
      Defendant(s).                    )

FILED
ST. CLAIR COUNTY

NOV 0 8 2013

37

**COMPLAINT**

Count I — Negligence against Guarantee Electrical Company

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant

Guarantee Electrical Company (hereinafter, "Guarantee"), states as follows:

      1.    On or about December 1, 2011, Defendant Guarantee controlled part of the construction site

of the river grain terminal in Fairmont City, St. Clair County, Illinois.

      2.    On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the

construction site for the purpose of moving and installing rebar.

      3.    Defendant Guarantee had a duty to maintain the work area, including construction

materials, in a safe condition that would not present an unreasonable risk of injury to people, including

Plaintiff DANIEL GARNETT, who were also present at the work site.

      4.    Despite its duty and in violation thereof, Defendant Guarantee, through its agents and

employees, negligently and carelessly acted or failed to act in one or more of the following ways:

          a.    Failed to properly maintain the work area in a safe condition;

          b.    Failed to maintain electrical studs in a safe condition;

    c.      Failed to inspect the work area in order to make sure it was in a safe condition;

    d.      Allowed installed electrical studs to create a dangerous condition;

    e.      Failed to properly maintain electrical studs although it knew or should have

known in the exercise of ordinary care that unmarked electrical studs created a dangerous and

unsafe condition for people in the work area.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to

act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6. That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was

caused to suffer severe and permanent injuries and damages, both externally and internally; was and will

be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and

anguish, both in mind and body, and will in the future continue to suffer and require medical

attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant

Guarantee Electrical Company IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.


<u>Count II — Negligence against Guarantee Electrical Construction Company</u>

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant

Guarantee Electrical Construction Company (hereinafter, "Guarantee Construction"), states as

follows:

    1.      On or about December 1, 2011, Defendant Guarantee Construction controlled part of the

construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

    2.      On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the

construction site for the purpose of moving and installing rebar.

    3.      Defendant Guarantee Construction had a duty to maintain the work area, including

construction materials, in a safe condition that would not present an unreasonable risk of injury to people,

including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.    Despite its duty and in violation thereof, Defendant Guarantee Construction, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

      a.    Failed to properly maintain the work area in a safe condition;

      b.    Failed to maintain electrical studs in a safe condition;

      c.    Failed to inspect the work area in order to make sure it was in a safe condition;

      d.    Allowed installed electrical studs to create a dangerous condition;

      e.    Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.    As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.    That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Guarantee Electrical Construction Company IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

## Count III — Negligence against Bunge-SCF Grain, LLC

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Bunge-SCF Grain, LLC (hereinafter, "Bunge-SCF"), states as follows:

1.      On or about December 1, 2011, Defendant Bunge-SCF owned and controlled the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.      On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.      Defendant Bunge-SCF had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4. Despite its duty and in violation thereof, Defendant Bunge-SCF, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

   a.      Failed to properly maintain the work area in a safe condition;

   b.      Failed to maintain electrical studs in a safe condition;

   c.      Failed to inspect the work area in order to make sure it was in a safe condition;

   d.      Allowed installed electrical studs to create a dangerous condition;

   e.      Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6. That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

   WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Bunge-SCF Grain, LLC IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

<u>Count IV — Negligence against Alberici Constructors, Inc.</u>

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Alberici

Constructors, Inc. (hereinafter, "Alberici"), states as follows:

1.     On or about December 1, 2011, Defendant Alberici controlled part of the construction site

of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.     On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the

construction site for the purpose of moving and installing rebar.

3.     Defendant Alberici had a duty to maintain the work area, including construction materials,

in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff

DANIEL GARNETT, who were also present at the work site.

4.     Despite its duty and in violation thereof, Defendant Alberici, through its agents and

employees, negligently and carelessly acted or failed to act in one or more of the following ways:

   a.     Failed to properly maintain the work area in a safe condition;

   b.     Failed to maintain electrical studs in a safe condition;

   c.     Failed to inspect the work area in order to make sure it was in a safe condition;

   d.     Allowed installed electrical studs to create a dangerous condition;

   e.     Failed to properly maintain electrical studs although it knew or should have

known in the exercise of ordinary care that unmarked electrical studs created a dangerous and

unsafe condition for people in the work area.

5.     As a direct and proximate result of one or more of the foregoing negligent acts or failures

to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.     That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT

was caused to suffer severe and permanent injuries and damages, both externally and internally; was and

will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain

and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Alberici Constructors, Inc. IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

### Count V — Negligence against Ambassador Steel Fabrication, LLC

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Ambassador Steel Fabrication, LLC (hereinafter, "Ambassador"), states as follows:

1.    On or about December 1, 2011, Defendant Ambassador controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.    On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.    Defendant Ambassador had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.    Despite its duty and in violation thereof, Defendant Ambassador, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

      a.    Failed to properly maintain the work area in a safe condition;

      b.    Failed to maintain electrical studs in a safe condition;

      c.    Failed to inspect the work area in order to make sure it was in a safe condition;

      d.    Allowed installed electrical studs to create a dangerous condition;

      e.    Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.    As a direct and proximate result of one or more of the foregoing negligent acts or failures

to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.      That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Ambassador Steel Fabrication, LLC IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

Count VI — Negligence against Vee-Jay Cement Contracting Company, Inc.

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Vee-Jay Cement Contracting Company, Inc. (hereinafter, "Vee-Jay"), states as follows:

1.      On or about December 1, 2011, Defendant Vee-Jay controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.      On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.      Defendant Vee-Jay had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.      Despite its duty and in violation thereof, Defendant Vee-Jay, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

        a.      Failed to properly maintain the work area in a safe condition;

        b.      Failed to maintain electrical studs in a safe condition;

        c.      Failed to inspect the work area in order to make sure it was in a safe condition;

        d.      Allowed installed electrical studs to create a dangerous condition;

e.    Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.    As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.    That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Vee-Jay Cement Contracting Company, Inc. IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

**DANIEL GARNETT**

By: _____
Kenneth P. Beljanski, #06236693

BROWN & BROWN LLP
5440 North Illinois, Suite 101
Fairview Heights, IL 62208
618.234.4878
618.234.4818 (fax)
Attorneys for Plaintiff
SUSPENSE ACCOUNT #21

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DANIEL GARNETT,                          )
    Plaintiff,                          )
                                )
    v.                                   )     No. 13-L-513
                                )
GUARANTEE ELECTRICAL COMPANY,)
GUARANTEE ELECTRICAL                     )
    CONSTRUCTION COMPANY,                )
BUNGE-SCF GRAIN, LLC,                    )
ALBERICI CONSTRUCTORS, INC.,             )
AMBASSADOR STEEL FABRICATION, )
    LLC, and                            )
VEE-JAY CEMENT CONTRACTING                )
    COMPANY, INC.,                       )
    Defendant(s).                        )

FILED
ST. CLAIR COUNTY
NOV 0 8 2013
CIRCUIT CLERK

## ENTRY OF APPEARANCE AS ATTORNEYS FOR PLAINTIFF

Now comes BROWN & BROWN LLP entering its appearance as attorneys for Plaintiff and Kenneth B. Beljanski entering his appearance as LEAD ATTORNEY for Plaintiff requesting that all notices and further documents directed to Plaintiff be sent to the address appearing below.

Kenneth B. Beljanski #06236693
Brown & Brown LLP
5440 N. Illinois, Suite 101
Fairview Heights, IL 62208
618.234.4878 (phone)
618.234.4818 (fax)

ST CLAIR COUNTY
TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY

RECEIPT #: C   000338902                   DATE: 11-08-2013              TIME: 13:15:15
RECEIVED OF: BROWN & BROWN LLP                                          MEMO:
    PART. ID: 823121
BY CLERK: RC
CHECKS:                                                                 SUSPENSE ACCT ID: 000000021

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $246.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 13-L-0573 | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $246.00 |
| GARNETT VS GUARANTEE ELECT | | | | |
| PARTY: BELJANSKI KENNETH B | | | | |

TOTAL RECEIPT...                                                        $246.00

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

Case Number 13-L-573

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1, 2, 3, 5, & 6 |
| Complete 4 if Small Claims Case. |
| Sections 3, 5 & 6 For Office Use Only. |

Amount Claimed IN EXCESS OF $50,000.00

**1.**

DANIEL GARNETT                    vs    VEE-JAY CEMENT CONTRACTING COMPANY, INC

Plaintiff(s)                                    Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix ___L___ Code __02__ Nature of Action __LAW__ Code __2__

**2.** Pltf. Atty. KENNETH B. BELJANSKI Code #6276693    ~~TO THE SHERIFF:~~ SERVE THIS DEFENDANT AT:
Address Brown & Brown LLP  Code 618
City 5440 N. Illinois, Suite 101 Phone 234-4878
Add. Pltf. Atty. Fairview Heights, IL 62208 Code
Is Personal Injury Involved
☒ Yes        ☐ No
Does Pltf. Demand A Jury Trial
☐ Yes        ☒ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** NAME VEE-JAY CEMENT CONTRACTING COMPANY, INC.
C/O CT CORPORATION SYSTEM
ADDRESS
208 S. LASALLE ST, SUITE 814
CITY & STATE
CHICAGO, IL 60604

**4.** ☐ CHECK FOR    Complete This Section For Small Claims
SMALL CLAIMS SUMMONS
Please Set This Case For _____ at _____ M. On _____ 20 __
Court Location

**5.**
A. Is an insurance carrier involved? ☒ Yes  ☐ No

B. If yes please give company name: _____

**6.**
A. Is there a minor involved?        ☐ Yes  ☒ No

B. If yes, will the appointment of a guardian Ad Litem be necessary  ☐ Yes  ☐ No  (N/A)

FILED
ST CLAIR COUNTY
NOV 0 8 2013
CIRCUIT CLERK

SEE REVERSE FOR
CASE CLASSIFICATIONS AND CODES

CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

Case Number _13-L-573_

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1, 2, 3, 5, & 6 Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office Use Only. | Amount Claimed _IN EXCESS OF $50,000.00_ |

**1.**

DANIEL GARNETT    vs    ALBERICI CONSTRUCTORS, INC.

Plaintiff(s)                                    Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix _L_ Code _02_  Nature of Action _LAW_  Code _2_

**2.** Pltf. Atty. _KENNETH B. BELJANSKI #6236693_  ~~Brown & Brown LLP~~ Code
Address _5440 N. Illinois, Suite 101_ _618_
City _Fairview Heights, IL 62208_ Phone _334-4878_
Add. Pltf. Atty. _____ Code ____

Is Personal Injury Involved
☒ Yes    ☐ No

Does Pltf. Demand A Jury Trial
☐ Yes    ☒ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

~~TO THE SHERIFF:~~ SERVE THIS DEFENDANT AT:
**3.** NAME _ALBERICI CONSTRUCTORS, INC._
_C/O CT CORPORATION SYSTEM_
ADDRESS
_208 S. LASALLE ST, SUITE 814_
CITY & STATE
_CHICAGO, IL 60604_

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS     Complete This Section For Small Claims

Please Set This Case For _____ at _____ M. On _____ 20 ___
Court Location

**5.**
A. Is an insurance carrier involved?  ☒ Yes   ☐ No

B. If yes please give company name: _UNKNOWN_

**6.**
A. Is there a minor involved?   ☐ Yes   ☒ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No (N/A)

FILED
ST. CLAIR COUNTY
NOV 0 8 2013
CIRCUIT CLERK

SEE REVERSE FOR CASE CLASSIFICATIONS AND CODES

CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**   13-L-573

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1, 2, 3, 5, & 6 Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office Use Only. | Case Number   13-L-573 |
| --- | --- |
| | Amount Claimed   IN EXCESS OF $50,000.00 |

**1.**

DANIEL GARNETT          VS          BUNGE - SCF GRAIN, LLC

Plaintiff(s)                                        Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix ___L___ Code __02__ Nature of Action __LAW__ Code __2__

**2.** Pltf. Atty. KENNETH B. BELJANSKI #6236693 Code____
Address   Brown & Brown LLP
5440 N. Illinois, Suite 101
City   Fairview Heights, IL 62208   Phone 618 334-4878
Add. Pltf. Atty.____ Code____

Is Personal Injury Involved
☒ Yes          ☐ No

Does Pltf. Demand A Jury Trial
☐ Yes          ☒ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME BUNGE - SCF GRAIN, LLC
C/O CT CORPORATION SYSTEM
ADDRESS
208 S. LA SALLE ST, SUITE 814
CITY & STATE
CHICAGO, IL 60604

**4.** ☐ CHECK FOR   Complete This Section For Small Claims
SMALL CLAIMS SUMMONS
Please Set This Case For _____ Court Location _____ at _____ M. On _____ 20__

**5.**
A. Is an insurance carrier involved?   ☒ Yes   ☐ No
B. If yes please give company name: UNKNOWN

**6.**
A. Is there a minor involved?   ☐ Yes   ☒ No
B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No   N/A

SEE REVERSE FOR
CASE CLASSIFICATIONS AND CODES

FILED
ST CLAIR COUNTY
NOV 08 2013
CIRCUIT CLERK

CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY** 13-L- 573

| | |
|---|---|
| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1, 2, 3, 5, & 6<br>Complete 4 if Small Claims Case.<br>Sections 3, 5 & 6 For Office Use Only. | Case Number 13-L- 573<br>Amount Claimed IN EXCESS OF $50,000.00 |

**1.**

DANIEL GARNETT          vs   AMBASSADOR STEEL FABRICATION, LLC

Plaintiff(s)                          Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix  L   Code  O2   Nature of Action  LAW   Code  2

**2.** Pltf. Atty. KENNETH B. BELJANSKE #6236693   Code ____
Address  Brown & Brown LLP
City  5440 N. Illinois, Suite 101   Phone 618-234-4878
Add. Pltf. Att. Fairview Heights, IL 62208   Code ____
Is Personal Injury Involved
☒ Yes      ☐ No
Does Pltf. Demand A Jury Trial
☐ Yes      ☒ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

TO THE SHERIFF: SERVE THIS DEFENDANT AT: FABRICATION, LLC
**3.** NAME AMBASSADOR STEEL
C/o CT CORPORATION SYSTEM
ADDRESS
208 S. LaSALLE ST, SUITE 814
CITY & STATE
CHICAGO, IL 60604

**4.** ☐ CHECK FOR   Complete This Section For Small Claims
SMALL CLAIMS SUMMONS
Please Set This Case For _____ at ____ M. On ____ 20 __
Court Location

**5.**
A. Is an insurance carrier involved?   ☒ Yes   ☐ No
B. If yes please give company name: UNKNOWN

**6.**
A. Is there a minor involved?   ☐ Yes   ☒ No
B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No (N/A)

FILED
ST. CLAIR COUNTY
NOV 0 8 2013
27
CIRCUIT CLERK

SEE REVERSE FOR
CASE CLASSIFICATIONS AND CODES

CC-MR-1

**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1, 2, 3, 5, & 6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office Use Only.

Case Number _13-L- 573_

Amount Claimed _IN EXCESS OF $50,000.00_

1.

_DANIEL GARNETT_

vs

_GUARANTEE ELECTRICAL COMPANY_

Plaintiff(s)                                         Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix ___L___ Code __02__   Nature of Action _LAW_ Code _2_

~~TO THE SHERIFF~~ SERVE THIS DEFENDANT AT:

2. Pltf. Atty. _KENNETH B. BELJAWSKI #6236693_ Code___
Address _5440 N. Illinois, Suite 101_ 618-
City _Fairview Heights, IL 62208_ Phone _7344878_
Add. Pltf. Atty._____ Code___
Is Personal Injury Involved
☒ Yes          ☐ No
Does Pltf. Demand A Jury Trial
☐ Yes          ☒ No
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

3. NAME _GUARANTEE ELECTRICAL COMPANY_
_C/O CT CORPORATION SYSTEM_
ADDRESS
_208 S. LASALLE ST, SUITE 814_
CITY & STATE
_CHICAGO, IL 60604_

4. ☐ CHECK FOR      Complete This Section For Small Claims
SMALL CLAIMS SUMMONS

Please Set This Case For _____ at _____ M. On _____ 20 __
Court Location

5.

A. Is an insurance carrier involved?   ☒ Yes   ☐ No

B. If yes please give company name: _UNKNOWN_

6.

A. Is there a minor involved?   ☐ Yes   ☒ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No _N/A_

FILED
ST. CLAIR COUNTY
NOV 0 8 2013

SEE REVERSE FOR

CASE CLASSIFICATIONS AND CODES

CC-MR-1

## MASTER RECORD SHEET
### CIRCUIT COURT OF ST. CLAIR COUNTY

Case Number ___13-L-573___

Amount Claimed ~~IN~~ IN EXCESS OF $50,000.00

Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1, 2, 3, 5, & 6
Complete 4 if Small Claims Case.
Sections 3, 5 & 6 For Office Use Only.

**1.**

DANIEL GARNETT     vs     GUARANTEE ELECTRICAL CONSTRUCTION COMPANY

Plaintiff(s)                                      Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix ___L___     Code ___02___     Nature of Action ___LAW___     Code ___2___

**2.** Pltf. Atty. _KENNETH B. BELVANSKI_   #6236693   ~~TO THE SHERIFF~~: SERVE THIS DEFENDANT AT:
Address   Brown & Brown LLP     Code
City   5440 N. Illinois, Suite 101   Phone 618 234-4876     **3.** NAME GUARANTEE ELECTRICAL CONSTRUCTION COMPANY
Add. Pltf. Atty. Fairview Heights, IL 62208   Code ____         C/O CT CORPORATION SYSTEM
Is Personal Injury Involved                    ADDRESS
☒ Yes       ☐ No                              208 S. LASALLE, SUITE 814
Does Pltf. Demand A Jury Trial                 CITY & STATE
☐ Yes       ☒ No                              CHICAGO, IL 60604
(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**4.** ☐ CHECK FOR     Complete This Section For Small Claims
SMALL CLAIMS SUMMONS
Please Set This Case For _____ at _____ M. On _____ 20 __
Court Location

**5.**
A. Is an insurance carrier involved?   ☒ Yes   ☐ No
B. If yes please give company name: _UNKNOWN_

**6.**
A. Is there a minor involved?   ☐ Yes   ☒ No
B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No   (N/A)

SEE REVERSE FOR CASE CLASSIFICATIONS AND CODES

FILED
ST. CLAIR COUNTY
NOV 0 8 2013
CIRCUIT CLERK

CC-MR-1

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY**

RECEIPT #: C   000339636          DATE: 11-21-2013          TIME: 14:25:00
RECEIVED OF: WILEY TONY                                     MEMO: 13L573
PART. ID: 611082                                            GARNETT VS GUARANTEE
BY CLERK: gt
CHECKS:

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $5.50 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
|  | 2021   PMT:CCOPY COPIES |  |  | $5.50 |
|  |  | TOTAL RECEIPT... |  | $5.50 |

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| DANIEL GARNETT, )<br>　　　　Plaintiff, )<br> )<br>　　v. )<br> )<br>GUARANTEE ELECTRICAL COMPANY,)<br>GUARANTEE ELECTRICAL )<br>　　CONSTRUCTION COMPANY, )<br>BUNGE-SCF GRAIN, LLC, )<br>ALBERICI CONSTRUCTORS, INC., )<br>AMBASSADOR STEEL FABRICATION, )<br>　　LLC, )<br>VEE-JAY CEMENT CONTRACTING )<br>　　COMPANY, INC., and )<br>PAYNECREST ELECTRIC, INC. )<br>　　Defendant(s). ) | No. 13-L-_573_ |

FILED
ST. CLAIR COUNTY
NOV 2 6 2013
*Kahelah dic Clerk*
CIRCUIT CLERK

### FIRST AMENDED COMPLAINT

#### Count I — Negligence against Guarantee Electrical Company

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant

Guarantee Electrical Company (hereinafter, "Guarantee"), states as follows:

1.　　On or about December 1, 2011, Defendant Guarantee controlled part of the construction site

of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.　　On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the

construction site for the purpose of moving and installing rebar.

3.　　Defendant Guarantee had a duty to maintain the work area, including construction

materials, in a safe condition that would not present an unreasonable risk of injury to people, including

Plaintiff DANIEL GARNETT, who were also present at the work site.

4.　　Despite its duty and in violation thereof, Defendant Guarantee, through its agents and

employees, negligently and carelessly acted or failed to act in one or more of the following ways:

　　　a.　　Failed to properly maintain the work area in a safe condition;

b.     Failed to maintain electrical studs in a safe condition;

c.     Failed to inspect the work area in order to make sure it was in a safe condition;

d.     Allowed installed electrical studs to create a dangerous condition;

e.     Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6. That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Guarantee Electrical Company IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

Count II — Negligence against Guarantee Electrical Construction Company

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Guarantee Electrical Construction Company (hereinafter, "Guarantee Construction"), states as follows:

1.     On or about December 1, 2011, Defendant Guarantee Construction controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.     On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.     Defendant Guarantee Construction had a duty to maintain the work area, including

construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

    4.    Despite its duty and in violation thereof, Defendant Guarantee Construction, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

        a.    Failed to properly maintain the work area in a safe condition;

        b.    Failed to maintain electrical studs in a safe condition;

        c.    Failed to inspect the work area in order to make sure it was in a safe condition;

        d.    Allowed installed electrical studs to create a dangerous condition;

        e.    Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

    5.    As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

    6.    That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

    WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Guarantee Electrical Construction Company IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

## Count III — Negligence against Bunge-SCF Grain, LLC

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Bunge-

SCF Grain, LLC (hereinafter, "Bunge-SCF"), states as follows:

1.     On or about December 1, 2011, Defendant Bunge-SCF owned and controlled the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.     On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.     Defendant Bunge-SCF had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4. Despite its duty and in violation thereof, Defendant Bunge-SCF, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

    a.     Failed to properly maintain the work area in a safe condition;

    b.     Failed to maintain electrical studs in a safe condition;

    c.     Failed to inspect the work area in order to make sure it was in a safe condition;

    d.     Allowed installed electrical studs to create a dangerous condition;

    e.     Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6. That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant

Bunge-SCF Grain, LLC IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

### Count IV — Negligence against Alberici Constructors, Inc.

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Alberici Constructors, Inc. (hereinafter, "Alberici"), states as follows:

1.      On or about December 1, 2011, Defendant Alberici controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.      On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.      Defendant Alberici had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.      Despite its duty and in violation thereof, Defendant Alberici, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

     a.      Failed to properly maintain the work area in a safe condition;

     b.      Failed to maintain electrical studs in a safe condition;

     c.      Failed to inspect the work area in order to make sure it was in a safe condition;

     d.      Allowed installed electrical studs to create a dangerous condition;

     e.      Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.      As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.      That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and

will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Alberici Constructors, Inc. IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

### Count V — Negligence against Ambassador Steel Fabrication, LLC

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Ambassador Steel Fabrication, LLC (hereinafter, "Ambassador"), states as follows:

1.     On or about December 1, 2011, Defendant Ambassador controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.     On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.     Defendant Ambassador had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.     Despite its duty and in violation thereof, Defendant Ambassador, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

        a.     Failed to properly maintain the work area in a safe condition;

        b.     Failed to maintain electrical studs in a safe condition;

        c.     Failed to inspect the work area in order to make sure it was in a safe condition;

        d.     Allowed installed electrical studs to create a dangerous condition;

        e.     Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.     As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.     That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Ambassador Steel Fabrication, LLC IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

Count VI — Negligence against Vee-Jay Cement Contracting Company, Inc.

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Vee-Jay Cement Contracting Company, Inc. (hereinafter, "Vee-Jay"), states as follows:

1.     On or about December 1, 2011, Defendant Vee-Jay controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.     On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.     Defendant Vee-Jay had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.     Despite its duty and in violation thereof, Defendant Vee-Jay, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

a.     Failed to properly maintain the work area in a safe condition;

b.     Failed to maintain electrical studs in a safe condition;

c.     Failed to inspect the work area in order to make sure it was in a safe condition;

d.      Allowed installed electrical studs to create a dangerous condition;

e.      Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.      As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.      That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Vee-Jay Cement Contracting Company, Inc. IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

<u>Count VII — Negligence against Paynecrest Electric, Inc.</u>

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Paynecrest Electric, Inc. (hereinafter, "Paynecrest"), states as follows:

4.      On or about December 1, 2011, Defendant Paynecrest controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

5.      On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

6.      Defendant Paynecrest had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.      Despite its duty and in violation thereof, Defendant Paynecrest, through its agents and

employees, negligently and carelessly acted or failed to act in one or more of the following ways:

      f.     Failed to properly maintain the work area in a safe condition;

      g.    Failed to maintain electrical studs in a safe condition;

      h.    Failed to inspect the work area in order to make sure it was in a safe condition;

      i.     Allowed installed electrical studs to create a dangerous condition;

      j.    Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6. That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Paynecrest Electric, Inc. IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

**DANIEL GARNETT**

By: _____
        Kenneth B. Beljanski, #06236693

BROWN & BROWN LLP
5440 North Illinois, Suite 101
Fairview Heights, IL 62208
618.234.4878
618.234.4818 (fax)
Attorneys for Plaintiff

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DANIEL GARNETT,                     )
     Plaintiff,                   )
                         )
     v.                           )          No. 13-L-573
                         )
GUARANTEE ELECTRICAL COMPANY,)
GUARANTEE ELECTRICAL           )
     CONSTRUCTION COMPANY,      )
BUNGE-SCF GRAIN, LLC,          )
ALBERICI CONSTRUCTORS, INC.,   )
AMBASSADOR STEEL FABRICATION, )
     LLC, and                   )
VEE-JAY CEMENT CONTRACTING      )
     COMPANY, INC.,             )
         Defendant(s).            )

FILED
ST. CLAIR COUNTY

NOV 26 2013

CIRCUIT CLERK

## PETITION FOR LEAVE TO FILE AMENDED COMPLAINT

Now comes Petitioner DANIEL GARNETT by his attorneys, Brown & Brown, LLP,

petitioning this Court for leave to file an Amended Complaint. In support of this petition, he

states as follows:

    1.    The currently pending case involves alleged negligent acts of several defendants

at a construction site in St. Clair County, State of Illinois on December 1, 2011.

    2.    Petitioner has learned the identity and whereabouts of an additional possibly

negligent entity in connection with the events which occurred involving the involving the

construction site in St. Clair County, State of Illinois on December 1, 2011.

    3.    Leave is sought to amend the Complaint under the Code of Civil Procedure (735

ILCS 5/2-616), which provides in pertinent part:

           (a) At any time before final judgment amendments may be allowed on just

           and reasonable terms, introducing any party who ought to have been

           joined as plaintiff or defendant, dismissing any party, changing the cause

           of action or defense or adding new causes of action or defenses, and in any



matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim.

4.     Based on the foregoing statute, Petitioner should be allowed to amend his Complaint to allege claims against an additional Defendant.

5.     To date, no Defendants have filed entries of appearance or responsive pleadings to the original Complaint, so notice and hearing on this Motion are not necessary.

6.     A copy of the Amended Complaint to be filed is attached hereto as "Exhibit A"; the original of same is submitted herewith for filing as soon as leave to do so has been granted.

WHEREFORE, DANIEL GARNETT asks this court to allow him to file his First Amended Complaint and for such other relief the Court may deem proper.

**DANIEL GARNETT**

By: _____

Kenneth B. Beljanski #06236693
Brown & Brown LLP
5440 N. Illinois, Suite 101
Fairview Heights, IL 62208
618.234.4878 (phone)
618.234.4818 (fax)

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| DANIEL GARNETT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-L-_573_ |
| | ) | |
| GUARANTEE ELECTRICAL COMPANY, | ) | |
| GUARANTEE ELECTRICAL | ) | |
| CONSTRUCTION COMPANY, | ) | |
| BUNGE-SCF GRAIN, LLC, | ) | |
| ALBERICI CONSTRUCTORS, INC., | ) | |
| AMBASSADOR STEEL FABRICATION, | ) | |
| LLC, | ) | |
| VEE-JAY CEMENT CONTRACTING | ) | |
| COMPANY, INC., and | ) | |
| PAYNECREST ELECTRIC, INC. | ) | |
| Defendant(s). | ) | |

### FIRST AMENDED COMPLAINT

#### Count I -- Negligence against Guarantee Electrical Company

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant

Guarantee Electrical Company (hereinafter, "Guarantee"), states as follows:

1. On or about December 1, 2011, Defendant Guarantee controlled part of the construction site

of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2. On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the

construction site for the purpose of moving and installing rebar.

3. Defendant Guarantee had a duty to maintain the work area, including construction

materials, in a safe condition that would not present an unreasonable risk of injury to people, including

Plaintiff DANIEL GARNETT, who were also present at the work site.

4. Despite its duty and in violation thereof, Defendant Guarantee, through its agents and

employees, negligently and carelessly acted or failed to act in one or more of the following ways:

   a. Failed to properly maintain the work area in a safe condition;

EXHIBIT

Case#13-L-573 ~

**A**

**Exhibit A**          **13-L-573 ~ Page 03 of 11**

b.    Failed to maintain electrical studs in a safe condition;

c.    Failed to inspect the work area in order to make sure it was in a safe condition;

d.    Allowed installed electrical studs to create a dangerous condition;

e.    Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6. That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Guarantee Electrical Company IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.


Count II — Negligence against Guarantee Electrical Construction Company

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Guarantee Electrical Construction Company (hereinafter, "Guarantee Construction"), states as follows:

1.    On or about December 1, 2011, Defendant Guarantee Construction controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.    On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.    Defendant Guarantee Construction had a duty to maintain the work area, including

construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.      Despite its duty and in violation thereof, Defendant Guarantee Construction, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

a.      Failed to properly maintain the work area in a safe condition;

b.      Failed to maintain electrical studs in a safe condition;

c.      Failed to inspect the work area in order to make sure it was in a safe condition;

d.      Allowed installed electrical studs to create a dangerous condition;

e.      Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.      As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.      That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Guarantee Electrical Construction Company IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

## Count III — Negligence against Bunge-SCF Grain, LLC

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Bunge-

SCF Grain, LLC (hereinafter, "Bunge-SCF"), states as follows:

1.      On or about December 1, 2011, Defendant Bunge-SCF owned and controlled the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.      On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.      Defendant Bunge-SCF had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4. Despite its duty and in violation thereof, Defendant Bunge-SCF, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

   a.      Failed to properly maintain the work area in a safe condition;

   b.      Failed to maintain electrical studs in a safe condition;

   c.      Failed to inspect the work area in order to make sure it was in a safe condition;

   d.      Allowed installed electrical studs to create a dangerous condition;

   e.      Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6. That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

   WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant

Bunge-SCF Grain, LLC IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

### Count IV — Negligence against Alberici Constructors, Inc.

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Alberici Constructors, Inc. (hereinafter, "Alberici"), states as follows:

1.      On or about December 1, 2011, Defendant Alberici controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.      On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.      Defendant Alberici had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.      Despite its duty and in violation thereof, Defendant Alberici, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

      a.      Failed to properly maintain the work area in a safe condition;

      b.      Failed to maintain electrical studs in a safe condition;

      c.      Failed to inspect the work area in order to make sure it was in a safe condition;

      d.      Allowed installed electrical studs to create a dangerous condition;

      e.      Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.      As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.      That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and

will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Alberici Constructors, Inc. IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

### Count V — Negligence against Ambassador Steel Fabrication, LLC

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Ambassador Steel Fabrication, LLC (hereinafter, "Ambassador"), states as follows:

1.     On or about December 1, 2011, Defendant Ambassador controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.     On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.     Defendant Ambassador had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.     Despite its duty and in violation thereof, Defendant Ambassador, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

      a.     Failed to properly maintain the work area in a safe condition;

      b.     Failed to maintain electrical studs in a safe condition;

      c.     Failed to inspect the work area in order to make sure it was in a safe condition;

      d.     Allowed installed electrical studs to create a dangerous condition;

      e.     Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.      As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.      That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Ambassador Steel Fabrication, LLC IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

Count VI — Negligence against Vee-Jay Cement Contracting Company, Inc.

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Vee-Jay Cement Contracting Company, Inc. (hereinafter, "Vee-Jay"), states as follows:

1.      On or about December 1, 2011, Defendant Vee-Jay controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

2.      On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

3.      Defendant Vee-Jay had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.      Despite its duty and in violation thereof, Defendant Vee-Jay, through its agents and employees, negligently and carelessly acted or failed to act in one or more of the following ways:

  a.      Failed to properly maintain the work area in a safe condition;

  b.      Failed to maintain electrical studs in a safe condition;

  c.      Failed to inspect the work area in order to make sure it was in a safe condition;

d.    Allowed installed electrical studs to create a dangerous condition;

e.    Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5.    As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6.    That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Vee-Jay Cement Contracting Company, Inc. IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

<u>Count VII — Negligence against Paynecrest Electric, Inc.</u>

Now comes Plaintiff DANIEL GARNETT, and for this Complaint against Defendant Paynecrest Electric, Inc. (hereinafter, "Paynecrest"), states as follows:

4.    On or about December 1, 2011, Defendant Paynecrest controlled part of the construction site of the river grain terminal in Fairmont City, St. Clair County, Illinois.

5.    On or about December 1, 2011, Plaintiff DANIEL GARNETT was working at the construction site for the purpose of moving and installing rebar.

6.    Defendant Paynecrest had a duty to maintain the work area, including construction materials, in a safe condition that would not present an unreasonable risk of injury to people, including Plaintiff DANIEL GARNETT, who were also present at the work site.

4.    Despite its duty and in violation thereof, Defendant Paynecrest, through its agents and

employees, negligently and carelessly acted or failed to act in one or more of the following ways:

    f.    Failed to properly maintain the work area in a safe condition;

    g.    Failed to maintain electrical studs in a safe condition;

    h.    Failed to inspect the work area in order to make sure it was in a safe condition;

    i.    Allowed installed electrical studs to create a dangerous condition;

    j.    Failed to properly maintain electrical studs although it knew or should have known in the exercise of ordinary care that unmarked electrical studs created a dangerous and unsafe condition for people in the work area.

5. As a direct and proximate result of one or more of the foregoing negligent acts or failures to act, Plaintiff DANIEL GARNETT fell because of an unmarked electrical stud.

6. That as a direct and proximate result of the foregoing, Plaintiff DANIEL GARNETT was caused to suffer severe and permanent injuries and damages, both externally and internally; was and will be hindered and prevented from attending to usual duties and affairs; and has suffered great pain and anguish, both in mind and body, and will in the future continue to suffer and require medical attention.

WHEREFORE, Plaintiff DANIEL GARNETT asks for judgment against Defendant Paynecrest Electric, Inc. IN EXCESS OF Fifty-Thousand Dollars ($50,000.00), plus costs.

**DANIEL GARNETT**

By: _____
        Kenneth B. Beljanski, #06236693

BROWN & BROWN LLP
5440 North Illinois, Suite 101
Fairview Heights, IL 62208
618.234.4878
618.234.4818 (fax)
Attorneys for Plaintiff

Case#13-L-573 ~ Page 9 of 9

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DANIEL GARNETT,                         )
      Plaintiff,                       )
                                       )
     v.                                 )     No. 13-L-573
                                       )
GUARANTEE ELECTRICAL COMPANY,)
GUARANTEE ELECTRICAL                     )
    CONSTRUCTION COMPANY,            )
BUNGE-SCF GRAIN, LLC,                    )
ALBERICI CONSTRUCTORS, INC.,             )
AMBASSADOR STEEL FABRICATION,            )
    LLC, and                         )
VEE-JAY CEMENT CONTRACTING               )
    COMPANY, INC.,                   )
      Defendant(s).                    )

FILED
ST. CLAIR COUNTY

NOV 2 6 2013

CIRCUIT CLERK

## ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT

The COURT, being advised and informed in the premises herein hereby

GRANTS the PETITION FOR LEAVE TO FILE AMENDED COMPLAINT and

ORDERS that the AMENDED COMPLAINT shall be filed instanter.


ENTER: November 26, 2013

_____
J U D G E



**MASTER RECORD SHEET**
**CIRCUIT COURT OF ST. CLAIR COUNTY**

Case Number _13-L-573_

| Note: Pltf. Atty or Pro Se Pltf. Must Complete Sections 1,2,3,5,&6 Complete 4 if Small Claims Case. Sections 3, 5 & 6 For Office Use Only. | Amount Claimed _IN EXCESS OF $50,000.00_ |

**1.**

DANIEL GARNETT          vs          PAYNECREST ELECTRIC, INC

Plaintiff(s)                                        Defendant(s)

(SEE REVERSE FOR CLASSIFICATIONS AND CODES)

Classification Prefix _L_ Code _02_ Nature of Action _LAW_ Code _2_

**2.** Pltf. Atty. _KENNETH B. BELJANSKY #6236693_ Code___

Address _5440 N. ILLINOIS SUITE 101 618-_ _234.4872_

City _FAIRVIEW HEIGHTS, IL 62208_ Phone ___

Add. Pltf. Atty.___ Code___

Is Personal Injury Involved
☒ Yes   ☐ No

Does Pltf. Demand A Jury Trial
☐ Yes   ☒ No

(THIS DOES NOT CONSTITUTE A JURY DEMAND)

**3.** TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME _PAYNECREST ELECTRIC, INC._
     _C/O ILLINOIS CORPORATION SERVICE CO._

ADDRESS
_801 ADLAI STEVENSON DR._

CITY & STATE
_SPRINGFIELD, IL 62703_

**4.** ☐ CHECK FOR SMALL CLAIMS SUMMONS   Complete This Section For Small Claims

Please Set This Case For ___ at ___ M. On ___ 20 ___

Court Location

**5.**
A. Is an insurance carrier involved? ☒ Yes   ☐ No

B. If yes please give company name: _UNKNOWN_

**6.**
A. Is there a minor involved? ☐ Yes   ☒ No

B. If yes, will the appointment of a guardian Ad Litem be necessary   ☐ Yes   ☐ No

FILED
ST. CLAIR COUNTY
NOV 26 2013
CIRCUIT CLERK

SEE REVERSE FOR
CASE CLASSIFICATIONS AND CODES

CC-MR-1

## In the Circuit Court of the 20th Judicial Circuit St. Clair County, Illinois

**DANIEL GARNETT,**

      Plaintiff(s),

vs.

**VEE JAY CEMENT CONTRACTING COMPANY INC ET AL.,**

      Defendant(s).

**Case No.: 13L 573**

**AFFIDAVIT OF SERVICE**

I, Sean Cochran, being first duly sworn on oath, depose and say the following:

I certify that I am over the age of eighteen. I am not a party to the above action. I am a registered employee of Barrister Investigations & Filing Service, Inc. Detective Agency #117–000883 located at 610 Maryknoll Drive Lockport, Illinois 60441.

On November 22, 2013 at 11:50 AM, I served the within SUMMONS/COMPLAINT on GUARANTEE ELECTRICAL CONSTRUCTION COMPANY in the following manner:

**Corporate Service:** By leaving a copy of the SUMMONS/COMPLAINT with KARLA R MARKWARDT, CT CORP PROCESS SPECIALIST, an officer or agent of GUARANTEE ELECTRICAL CONSTRUCTION COMPANY.

Service was effected at 208 S LASALLE STREET 17TH FLOOR , CHICAGO, IL 60604.

Description of person process was left with:

Sex: **Female** – Skin: **Caucasian** – Approx. Age: **25–35**

Under penalties as provided by law pursuant to Section 1–109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

X 

**Sean Cochran**
License(s): PERC# 129–300540

KELLERMAN INVESTIGATIONS
60 S MAIN ST
GLEN CARBON, IL 62034

13L 573



FILED
ST. CLAIR COUNTY

DEC 09 2013

CIRCUIT CLERK

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois )
County of St. Clair ) S.S.

Case Number _13-L-573_

Amount Claimed _IN EXCESS OF $50,000.00_

DANIEL GARNETT

VS

GUARANTEE ELECTRICAL COMPANY

Plaintiff(s)                                    Defendant(s)

Classification Prefix _L_ Code _02_ Nature of Action _LAW_ Code _2_

Pltf. Atty. _KENNETH B. BELJANSKI #6236693_ Code ~~TO THE SHERIFF~~ SERVE THIS DEFENDANT AT:
_Brown & Brown LLP_
Address _5440 N. Illinois, Suite 101_ Code _618-_
City _Fairview Heights, IL 62208_ Phone _234-4878_
Add. Pltf. Atty. _____ Code _____

NAME _GUARANTEE ELECTRICAL COMPANY_
_C/O CT CORPORATION SYSTEM_
ADDRESS
_208 S. LASALLE ST, SUITE 814_
CITY & STATE
_CHICAGO, IL 60604_

X       **SUMMONS**
To the above named defendant(s). . . . . . :
        X

☐ A. You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20 ___
to answer the complaint in this case, a copy of which is hereto attached.  If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day of service.  If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

### TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service.  In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance.  If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _11-8_ 20 _13_

_Kaheleh Clay_
Clerk of Court

BY DEPUTY: _Vickie Dale_

**SEAL**

DATE OF SERVICE: _____, 20 ___
(To be inserted by officer on copy left with defendant or other person)

CC-MR-1

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal):
    By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
    By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |

(c) - (Corporation defendants):
    By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
|---|---|
| Service and return _____ $ | |
| Miles_____ . . . . . . . . . . . . _____ | |
| Total. . . . . . . . . . . . . . . . . . . . $_____ | |
| _____ | |
| Sheriff of _____ County | |

_____, Sheriff of _____ County

_____, Deputy

## In the Circuit Court of the 20th Judicial Circuit St. Clair County, Illinois

DANIEL GARNETT,

          Plaintiff(s),

vs.

VEE JAY CEMENT CONTRACTING COMPANY INC ET AL.,

          Defendant(s).

Case No.: 13 L 573

**AFFIDAVIT OF SERVICE**



I, Sean Cochran, being first duly sworn on oath, depose and say the following:

I certify that I am over the age of eighteen. I am not a party to the above action. I am a registered employee of Barrister Investigations & Filing Service, Inc. Detective Agency #117–000883 located at 610 Maryknoll Drive Lockport, Illinois 60441.

On November 22, 2013 at 11:50 AM, I served the within SUMMONS/COMPLAINT on GUARANTEE ELECTRICAL COMPANY in the following manner:

**Corporate Service:** By leaving a copy of the SUMMONS/COMPLAINT with KARLA R MARKWARDT, CT CORP PROCESS SPECIALIST, an officer or agent of GUARANTEE ELECTRICAL COMPANY.

Service was effected at 208 S LASALLE STREET 17TH FLOOR , CHICAGO, IL 60604.

Description of person process was left with:

Sex: **Female** – Skin: **Caucasian** – Approx. Age: **25–35**

Under penalties as provided by law pursuant to Section 1–109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

X _____
Sean Cochran
License(s): PERC# 129–300540

KELLERMAN INVESTIGATIONS
60 S MAIN ST
GLEN CARBON, IL 62034

13L 573



*419596*

FILED
ST. CLAIR COUNTY

DEC 09 2013

41        CIRCUIT CLERK

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois   )
                    ) S.S.
County of St. Clair )

Case Number _13-L-573_

Amount Claimed _IN EXCESS OF $50,000.00_

DANIEL GARNETT

vs

GUARANTEE ELECTRICAL CONSTRUCTION COMPANY

Plaintiff(s)

Defendant(s)

Classification Prefix _L_   Code _02_   Nature of Action _LAW_   Code _2_

Pltf. Atty. _KENNETH B. BELJANSKI   #6236693_ ~~TO THE SHERIFF:~~ SERVE THIS DEFENDANT AT:
Address _Brown & Brown LLP_   Code _618_
City _5440 N. Illinois, Suite 101_   Phone _234-4878_
Add. Pltf. Atty. _Fairview Heights, IL 62208_   Code

NAME _GUARANTEE ELECTRICAL CONSTRUCTION COMPANY_
_c/o CT CORPORATION SYSTEM_
ADDRESS _208 S. LaSalle, Suite 814_
CITY & STATE
_CHICAGO, IL 60604_

### SUMMONS
To the above named defendant(s). . . . . . :

[ ]  **A.** You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20 __
to answer the complaint in this case, a copy of which is hereto attached.  If you fail to do so, a judgment by
default may be taken against you for the relief asked in the complaint.

[X]  **B.** You are hereby summoned and required to file an answer in this case or otherwise file your appear-
ance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day
of service.  If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in
the complaint.

### TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service.  In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance.  If
service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _11-8-_ 20 _13_

_Kahalah Clay_
Clerk of Court

BY DEPUTY _Vickie Ball_

SEAL

DATE OF SERVICE: _____, 20 __
(To be inserted by officer on copy left with defendant
or other person)

CC-MR-1

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal):

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

---

**SHERIFF'S FEES**

Service and return _____ $

Miles_____ . . . . . . . . . . _____

Total . . . . . . . . . . . . . . . . . . . . $_____

Sheriff of _____ County

_____ , Sheriff of _____ County

_____ , Deputy

## In the Circuit Court of the 20th Judicial Circuit St. Clair County, Illinois

**DANIEL GARNETT,**

                    Plaintiff(s),

vs.

**VEE JAY CEMENT CONTRACTING COMPANY INC ET AL.,**

                    Defendant(s).

**Case No.: 13L 573**

**AFFIDAVIT OF SERVICE**



I, Sean Cochran, being first duly sworn on oath, depose and say the following:

I certify that I am over the age of eighteen. I am not a party to the above action. I am a registered employee of Barrister Investigations & Filing Service, Inc. Detective Agency #117−000883 located at 610 Maryknoll Drive Lockport, Illinois 60441.

On November 22, 2013 at 11:50 AM, I served the within SUMMONS/COMPLAINT on BUNGE − SCF GRAIN, LLC in the following manner:

**Corporate Service:** By leaving a copy of the SUMMONS/COMPLAINT with KARLA R MARKWARDT, CT CORP PROCESS SPECIALIST, an officer or agent of BUNGE − SCF GRAIN, LLC.

Service was effected at 208 S LASALLE STREET 17TH FLOOR , CHICAGO, IL 60604.

Description of person process was left with:

Sex: Female − Skin: **Caucasian** − Approx. Age: **25−35**

Under penalties as provided by law pursuant to Section 1−109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

X _____
Sean Cochran
License(s): PERC# 129−300540

KELLERMAN INVESTIGATIONS
60 S MAIN ST
GLEN CARBON, IL 62034

13L 573



*#419534*



FILED
ST. CLAIR COUNTY
DEC 09 2013
CIRCUIT CLERK

**CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT**

State of Illinois ) S.S.
County of St. Clair )

Case Number _13-L-573_

Amount Claimed _IN EXCESS OF $50,000.00_

DANIEL GARNETT

VS

BUNGE - SCF GRAIN, LLC.

**Plaintiff(s)**

**Defendant(s)**

Classification Prefix _L_ Code _02_ Nature of Action _LAW_ Code _2_

~~TO THE SHERIFF:~~ SERVE THIS DEFENDANT AT:

Pltf. Atty. _KENNETH B. BELJANSKI #6236693_ Code_____
Address _Brown & Brown LLP_
_5440 N. Illinois, Suite 101_ Phone _618 234-4878_
City _Fairview Heights, IL 62208_ Code_____
Add. Pltf. Atty. _____ Code_____

NAME _BUNGE · SCF GRAIN, LLC_
_C/O CT CORPORATION SYSTEM_

ADDRESS _208 S. LA SALLE ST, SUITE 814_

CITY & STATE _CHICAGO, IL 60604_

✗ **SUMMONS**
To the above named defendant(s)......: ✗

☐ **A.** You are hereby summoned and required to appear before this court at
(court location)_____at_____ M. On_____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☒ **B.** You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

**TO THE OFFICER:**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ _11-8-20 13_

_Kahalah Clay_
Clerk of Court

BY DEPUTY _____

SEAL

DATE OF SERVICE:_____,20___
(To be inserted by officer on copy left with defendant or other person)

CC-MR-1

I certify that I served this summons on defendants as follows:

(a) - (Individual defendants - personal):

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of defendant | Date of service |
| --- | --- |
| | |
| | |
| | |
| | |

### (b) - (Individual defendants - abode):

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
| --- | --- | --- | --- |
| | | | |
| | | | |
| | | | |

### (c) - (Corporation defendants):

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
| --- | --- | --- |
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES | |
| --- | --- |
| Service and return _____$ | |
| Miles_____ . . . . . . . . . . . | |
| Total. . . . . . . . . . . . . . . . . . . . $ | |

Sheriff of _____ County

_____, Sheriff of _____ County

_____, Deputy

## In the Circuit Court of the 20th Judicial Circuit St. Clair County, Illinois

DANIEL GARNETT,

           Plaintiff(s),

vs.

VEE JAY CEMENT CONTRACTING COMPANY INC ET
AL.,

           Defendant(s).

Case No.: 13L 573

AFFIDAVIT OF SERVICE



I, Sean Cochran, being first duly sworn on oath, depose and say the following:

I certify that I am over the age of eighteen. I am not a party to the above action. I am a registered employee of Barrister Investigations & Filing Service, Inc. Detective Agency #117–000883 located at 610 Maryknoll Drive Lockport, Illinois 60441.

On November 22, 2013 at 11:50 AM, I served the within SUMMONS/COMPLAINT on ALBERICI CONSTRUCTORS, INC. in the following manner:

**Corporate Service:** By leaving a copy of the SUMMONS/COMPLAINT with KARLA R MARKWARDT, CT CORP PROCESS SPECIALIST, an officer or agent of ALBERICI CONSTRUCTORS, INC..

Service was effected at 208 S LASALLE STREET 17TH FLOOR , CHICAGO, IL 60604.

Description of person process was left with:

Sex: **Female** – Skin: **Caucasian** – Approx. Age: **25–35**

Under penalties as provided by law pursuant to Section 1–109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

X _____
Sean Cochran
License(s): PERC# 129–300540

KELLERMAN INVESTIGATIONS
60 S MAIN ST
GLEN CARBON, IL 62034

13L 573





FILED
ST. CLAIR COUNTY

DEC 09 2013

CIRCUIT CLERK

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 13-L-573

Amount Claimed IN EXCESS OF $50,000.00

DANIEL GARNETT

vs ALBERICI CONSTRUCTORS, INC.

Plaintiff(s)                                             Defendant(s)

Classification Prefix L Code 02 Nature of Action LAW Code 2

Pltf. Atty. KENNETH B. BELJANSKI #6736693

Address Brown & Brown LLP Code 618

City 5440 N. Illinois, Suite 101 Phone 334-4878

Add. Pltf. Atty. Fairview Heights, IL 62208 Code

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME ALBERICI CONSTRUCTORS, INC, C/O CT CORPORATION SYSTEM

ADDRESS 208 S. LaSALLE ST, SUITE 814

CITY & STATE CHICAGO, IL 60604

### SUMMONS

To the above named defendant(s). . . . . . :

[ ] A. You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20 ___

to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

[X] B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 11-8- 20 13

_____ Clerk of Court

BY DEPUTY _____

SEAL

DATE OF SERVICE: _____, 20 ___
(To be inserted by officer on copy left with defendant or other person)

CC-MR-1

I certify that I served this summons on defendants as follows:

**(a) - (Individual defendants - personal):**
By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

**(b) - (Individual defendants - abode):**
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**(c) - (Corporation defendants):**
By leaving a copy and a copy of the complaint with the registered agent officer; or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

**(d) - (Other service):**

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles_____ . . . . . . . . . . _____ |
| Total. . . . . . . . . . . . . . . . . . . . . . $ _____ |
| |
| Sheriff of _____ County |

_____ , Sheriff of _____ County

_____ , Deputy

### In the Circuit Court of the 20th Judicial Circuit St. Clair County, Illinois

**DANIEL GARNETT,**

       Plaintiff(s),

vs.

**VEE JAY CEMENT CONTRACTING COMPANY INC ET AL.,**

       Defendant(s).

**Case No.: 13L 573**

**AFFIDAVIT OF SERVICE**



I, Sean Cochran, being first duly sworn on oath, depose and say the following:

I certify that I am over the age of eighteen. I am not a party to the above action. I am a registered employee of Barrister Investigations & Filing Service, Inc. Detective Agency #117–000883 located at 610 Maryknoll Drive Lockport, Illinois 60441.

On November 22, 2013 at 11:50 AM, I served the within SUMMONS/COMPLAINT on AMBASSADOR STEEL FABRICATION, LLC in the following manner:

**Corporate Service:** By leaving a copy of the SUMMONS/COMPLAINT with KARLA R MARKWARDT, CT CORP PROCESS SPECIALIST, an officer or agent of AMBASSADOR STEEL FABRICATION, LLC.

Service was effected at 208 S LASALLE STREET 17TH FLOOR , CHICAGO, IL 60604.

Description of person process was left with:

Sex: **Female** – Skin: **Caucasian** – Approx. Age: **25–35**

Under penalties as provided by law pursuant to Section 1–109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

X                         
Sean Cochran
License(s): PERC# 129–300540

KELLERMAN INVESTIGATIONS
60 S MAIN ST
GLEN CARBON, IL 62034

13L 573



*419532*



FILED
ST. CLAIR COUNTY
DEC 09 2013

CIRCUIT CLERK

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number _13-L- 573_

Amount Claimed _IN EXCESS OF $50,000.00_

DANIEL GARNETT

vs AMBASSADOR STEEL FABRICATION, LLC

Plaintiff(s)                                   Defendant(s)

Classification Prefix _L_ Code _02_ Nature of Action _LAW_ Code _2_

Pltf. Atty. _KENNETH B. BELJANSKI #6236693_ Code_____
Address _5440 N. Illinois, Suite 101_ 618 224-4878
City _Fairview Heights, IL 62208_ Phone_____
Add. Pltf. Atty._____ Code_____

**SUMMONS**

To the above named defendant(s). . . . . . :

~~TO THE SHERIFF,~~ SERVE THIS DEFENDANT AT:

NAME _AMBASSADOR STEEL FABRICATION, LLC_
_c/o CT CORPORATION SYSTEM_
ADDRESS
_208 S. LASALLE ST, SUITE 814_
CITY & STATE
_CHICAGO, IL 60604_

☐ A. You are hereby summoned and required to appear before this court at
(court location)_____ at_____ M. On_____ 20___
to answer the complaint in this case, a copy of which is hereto attached.   If you fail to do so, a judgment by
default may be taken against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appear-
ance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day
of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in
the complaint.

### TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service.  In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance.  If
service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _11-8-_ 20 _13_

_Kahaleh Clay_
Clerk of Court

BY DEPUTY: _Debbie Dale_

**SEAL**

DATE OF SERVICE:_____ ,20___
(To be inserted by officer on copy left with defendant
or other person)

CC-MR-1

I certify that I served this summons on defendants as follows:

**(a) - (Individual defendants - personal):**

By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of defendant | Date of service |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**(b) - (Individual defendants - abode):**

By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**(c) - (Corporation defendants):**

By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d) - (Other service):**

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles_____ . . . . . . . . . . _____ |
| Total. . . . . . . . . . . . . . . . . . . . . . $_____ |
| |
| Sheriff of _____County |

_____, Sheriff of _____County

_____, Deputy

### In the Circuit Court of the 20th Judicial Circuit St. Clair County, Illinois

DANIEL GARNETT,

        Plaintiff(s),

vs.

VEE JAY CEMENT CONTRACTING COMPANY INC ET
AL.,

        Defendant(s).

**Case No.: 13L 573**

**AFFIDAVIT OF SERVICE**



I, Sean Cochran, being first duly sworn on oath, depose and say the following:

I certify that I am over the age of eighteen. I am not a party to the above action. I am a registered employee of Barrister Investigations & Filing Service, Inc. Detective Agency #117–000883 located at 610 Maryknoll Drive Lockport, Illinois 60441.

On November 22, 2013 at 11:50 AM, I served the within SUMMONS/COMPLAINT on VEE JAY CEMENT CONTRACTING COMPANY, INC in the following manner:

**Corporate Service:** By leaving a copy of the SUMMONS/COMPLAINT with KARLA R MARKWARDT, CT CORP PROCESS SPECIALIST, an officer or agent of VEE JAY CEMENT CONTRACTING COMPANY, INC.

Service was effected at 208 S. LASALLE ST 17TH FLOOR, CHICAGO, IL 60604.

Description of person process was left with:

Sex: **Female** – Skin: **Caucasian** – Approx. Age: **25–35**

Under penalties as provided by law pursuant to Section 1–109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Affidavit of Service are true and correct.

Further the affiant sayeth naught.

X 
Sean Cochran
License(s): PERC# 129–300540

KELLERMAN INVESTIGATIONS
60 S MAIN ST
GLEN CARBON, IL 62034

13L 573



## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 13-L-573

Amount Claimed IN EXCESS OF $50,000.00

DANIEL GARNETT

vs

VEE-JAY CEMENT CONTRACTING
COMPANY, INC

**Plaintiff(s)**

**Defendant(s)**

Classification Prefix L Code 02 Nature of Action LAW Code 2

Pltf. Atty. KENNETH B. BIELIANSKI #6036693 Code
Brown & Brown LLP
Address 5440 N. Illinois, Suite 101 68 Code
City Fairview Heights, IL 62208 Phone 234-1678
Add. Pltf. Atty. Code

**SUMMONS**

To the above named defendant(s) . . . . . :

TO THE SHERIFF: SERVE THIS DEFENDANT AT:

NAME VEE-JAY CEMENT CONTRACTING COMPANY, INC,
C/O CT CORPORATION SYSTEM

ADDRESS
208 S. LASALLE ST, SUITE 814
CITY & STATE
CHICAGO, IL 60604

☐ A. You are hereby summoned and required to appear before this court at
(court location)_____ at _____ M. On _____ 20 ___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by
default may be taken against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appear-
ance, in the office of the Clerk of this court, within 30 days after service of this summons, exclusive of the day
of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in
the complaint.

**TO THE OFFICER:**

This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If
service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, 11-8-20 13

_____
Clerk of Court

BY DEPUTY _____

DATE OF SERVICE: _____ 20 ___
(To be inserted by officer on copy left with defendant
or other person)

SEAL

CC-MR-1

I certify that I served this summons on defendants as follows:

**(a) - (Individual defendants - personal):**
By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of defendant | Date of service |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**(b) - (Individual defendants - abode):**
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**(c) - (Corporation defendants):**
By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**(d) - (Other service):**

SHERIFF'S FEES

Service and return _____$

Miles_____ . . . . . . . . . . . _____

Total. . . . . . . . . . . . . . . . . . . . . . . .$_____

_____

Sheriff of _____County

_____, Sheriff of _____County

_____, Deputy