IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DANIEL GARNETT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-1326-SMY-DGW** |
| | ) | |
| **GUARANTEE ELECTRICAL COMPANY** | ) | |
| **et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court are Defendant Ambassador Steel Fabrications, LLC's ("Ambassador Steel") Motion for Summary Judgment (Doc. 63), Defendant Vee-Jay Cement Contracting Company, Inc.'s ("Vee-Jay") Motion for Summary Judgment (Doc. 65), and Defendant Bunge-SCF Grain, LLC's ("BSG") Motion for Summary Judgment (Doc. 70).  Although Plaintiff failed to file responses to the motions, Defendant Paynecrest Electric, Inc. ("Paynecrest") filed a Memorandum of Law in Opposition to Vee-Jay's Motion for Summary Judgment (Doc. 73). Vee-Jay has moved to strike Paynecrest's Memorandum on the grounds that Paynecrest lacks standing to oppose a co-defendant's motion for summary judgment (Doc. 74).  The Court agrees.

Summary judgment may be sought by a party claiming relief or by a party against whom relief is sought. Fed.R.Civ.P. 56(a) and (b).  Here, in the absence of a cross-claim, Paynecrest lacks standing to oppose Vee-Jay's Motion. *See Rosenbaum v. Freight, Lime & Sand Hauling, Inc.,* 2012 WL 4832248, at *2 (N.D. Ind. Oct. 10, 2012) (collecting cases finding that a co-defendant lacks standing to oppose another co-defendant's motion for summary judgment).

1

Accordingly, Defendant Vee-Jay's Motion to Strike is **GRANTED** and, for the foregoing reasons, Defendants' motions for summary judgment are **GRANTED**.

Plaintiff Daniel Garnett alleges that he tripped and fell while working at a construction site on the premises of Defendant BSG on December 1, 2011 (Doc. 2-2). At the time of the incident, Plaintiff was employed by the United Ironworkers (Doc. 67-1, pp. 23-30). The project included the construction of an elevator grain terminal (Doc. 2-2). The general contractor for the project was Defendant Alberici Construction, Inc. ("Alberici") (Doc. 64). Alberici subcontracted with Defendant Vee-Jay for the concrete work (*Id.*). Vee-Jay in turn subcontracted with Defendant Ambassador Steel to provide and install steel rebar connections with the concrete work (*Id.*). Ambassador Steel then hired United Ironworkers to install the rebar (*Id.*). Alberici also hired Defendant Paynecrest to install the electrical system for the site (*Id.*).

Plaintiff claims that he sustained injury after tripping and falling over an electrical stud or grounding rod on the jobsite (*see* Doc. 2-2). In his Second Amended Complaint, Plaintiff alleges identical allegations of negligence against each Defendant including:

> Failure to properly maintain the work area in a safe condition; failure to maintain electrical studs in a safe condition; failure to inspect the work area in order to make sure it was in safe condition; allowing the installed electrical studs to create a dangerous condition; and failure to properly maintain the electrical studs although it knew or should have known, in the exercise of ordinary care, that unmarked electrical studs created a dangerous and unsafe condition for people in the work area (Doc. 2-2).

On May 29, 2015, Ambassador Steel filed its Motion for Summary Judgment asserting that it had no role in the installation of electrical grounding rods or the electrical system on the construction site where Plaintiff was allegedly injured. Ambassador Steel further contends that it did not control the manner or location in which Plaintiff was working and had no role in the safety planning or maintenance of the construction site.

On June 9, 2015, Vee-Jay filed its Motion for Summary Judgment in which it asserts it did not play any role in the design, installation or placement of the electrical studs or grounding rods at issue in this lawsuit nor did it have any responsibility for the placement of the rods.  Vee-Jay further contends that Plaintiff did not work with any Vee-Jay employees, take directions from any Vee-Jay employees, and that it did not provide any supervision or direction over Plaintiff.

On June 24, 2015, BSG filed its Motion for Summary Judgment.  Like Defendants Ambassador Steel and Vee-Jay, BSG contends that it did not control the premises in question, had no role in the installation of electrical ground rods or the electrical system on the premises, had no involvement in or control over Plaintiff's work or the location in which Plaintiff was working when he was allegedly injured, and had no role in or control over the safety planning or maintenance of the premises.

To date, Plaintiff has failed to file responses to the pending motions for summary judgment.  By so doing, Plaintiff has forgone his opportunity to avoid dismissal of his claims as to Defendants Ambassador Steel, Vee-Jay and BSG.  Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Accordingly, a non-moving party may not rest on his pleadings but must set forth specific facts showing there is a genuine issue for trial. *Heft v. Moore,* 351 F.3d 278, 283 (7th Cir.2003); *see also Winters v. Fru–Con, Inc.,* 498 F.3d 734, 744 (7th Cir.2007) (noting, "the district court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party

must identify with reasonable particularity the evidence upon which the party relies"). Consequently, when a non-moving party fails to respond to a motion for summary judgment, a court has no choice but to deem the moving party's factual assertions as true and grant summary judgment in its favor. *Heft,* 351 F.3d at 283 (7th Cir.2003) (holding summary judgment is proper when the plaintiff's case consists of factually unsupported claims); *Thurman v. Village of Homewood,* 446 F.3d 682, 687 (7th Cir.2006) (affirming district court's decision to grant summary judgment when the opposing party failed to provide the court with evidence); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 320 (1986) (noting "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.").   Additionally, Local Rule 7.1(c) provides, in relevant part, that the "[f]ailure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion." SDIL–LR 7.1(c); *Arndt v. Bartley*, 2009 WL 3172784, at *2 (S.D. Ill. Sept. 22, 2009).

Consequently, having fully considered Defendants' arguments, the Court deems Plaintiff's failure to respond as an admission of the merits of the motions and **GRANTS** the Motions for Summary Judgment filed by Defendants Ambassador Steel Fabrications, LLC's (Doc. 63), Vee-Jay Cement Contracting Company, Inc. (Doc. 65), and Defendant Bunge-SCF Grain, LLC (Doc. 70).   Accordingly, this action is **DISMISSED with prejudice** as to Defendants Ambassador Steel Fabrications, LLC's, Vee-Jay Cement Contracting Company, Inc., and Bunge-SCF Grain, LLC.  The Clerk of Court is **DIRECTED** to enter judgment in favor of those Defendants and against Plaintiff at the close of the case.

**IT IS SO ORDERED.**

**DATED:  September 15, 2015**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**